959 F.2d 237
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard M. PERDOMO, Defendant-Appellant.
 Nos. 91-5471, 91-5472.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1992.
 
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and BELL, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant, Richard Perdomo ("Perdomo"), appeals his jury conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and for use of intimidation to threaten a witness in violation of 18 U.S.C. § 1512(b)(1). The district court sentenced Perdomo to forty-two (42) months imprisonment to be followed by three years of supervised release. For the reasons set forth below, we AFFIRM the jury conviction and sentence.
 
 
 2
 Perdomo was a convicted felon when the criminal violations at issue in this case arose. In 1984, Perdomo pled guilty in a Colorado state court to assault in the second degree. The Colorado court sentenced him to six years imprisonment, three of which he served.
 
 
 3
 Pursuant to a federal search warrant, Alcohol, Tobacco and Firearms agents searched Perdomo's place of residence, a duplex in Union City, Tennessee. In Perdomo's living quarters, the agents found a sawed off shotgun. They also found, among other things, a .22 caliber revolver with a removed serial number and a .38 caliber derringer. Discussions between Perdomo and the agents who conducted the search indicated that Perdomo was familiar with the weapons seized.
 
 
 4
 Perdomo's landlord and friend, Gary Gumm, lived in the other half of the duplex and was present during the search. Gumm reported that Perdomo and his roommate, Willie Johnson, each paid $75.00 per month in rent. Gumm also stated that Perdomo had shown him the sawed-off shotgun and .22 caliber revolver on another occasion. Gumm later testified to these facts at trial.
 
 
 5
 In the first trial proceeding, Perdomo was indicted and tried for firearms possession in violation of 18 U.S.C. § 922(g). Willie Johnson testified that he had seen Perdomo with the handguns. Additionally, a friend, David Webster, also testified that he had seen the sawed off shot gun in Perdomo's living quarters. A mistrial resulted when the jury was unable to agree on a verdict on August 30, 1990. The district court also declared a mistrial in a second jury trial on September 20, 1990, because the jury again could not reach a unanimous verdict.
 
 
 6
 In the interim, on September 17, 1990, the state procured a second grand jury indictment under 18 U.S.C. § 1512(b)(1) for obstruction of justice based on the following situation. On the first day of the first trial, Perdomo spoke with his friends David Webster and Willie Johnson outside of the courtroom. These men were both good friends of Gumm, Perdomo's landlord. Gumm, at that time, was scheduled to testify in the first trial for the government. Perdomo allegedly told Webster and Johnson that there would be negative consequences for Gumm if he testified for the government. The state alleged that Perdomo made this statement to Webster and Johnson in an attempt to impede Gumm's testimony. The state surmises that Perdomo knew that the message would be communicated to Gumm because the men were "thick as blood with Gumm."
 
 
 7
 In the third trial proceeding, which commenced on December 17, 1990, the court consolidated the two indictments. The prosecution presented evidence for violations of both 18 U.S.C. §§ 922(g), 1512(b)(1). The jury returned a verdict of guilty under both statutes. The evidence presented at trial was sufficient to sustain the jury verdict of guilty with regard to the "use of intimidation" charge, and we find no error warranting reversal of that conviction. However, the jury charge on the possession of firearms count is more problematic.
 
 
 8
 The trial court gave two instructions on the possession of firearms charge. The first instruction was a general unanimity instruction for possession and was given as follows:
 
 
 9
 The defendant admits that he was convicted of a felony prior to the date alleged in the indictment so this element of the offense has been proven. The second element the government must prove beyond a reasonable doubt is that on or about the date set forth in the indictment, the defendant possessed at least one firearm. It's not necessary for the government to prove that the defendant possessed all three of the firearms.
 
 
 10
 After the jury had deliberated for several hours, they asked the following question of the court: "Must a juror believe he had possession of all three guns in order to vote guilty, or may a guilty vote be based on the belief that he had only one of the guns?" The trial court responded:
 
 
 11
 As to count 1 in case 90-10017, the government must prove beyond a reasonable doubt that the defendant possessed any one of the guns alleged in the indictment. It is not necessary that the government prove that he possessed all three of the firearms....
 
 
 12
 Defense counsel made no objection to the content of these instruction when the court gave it to the jury. The defense raises it here for the first time on appeal. Perdomo claims that the supplemental instructions confused the jury because they did not clearly state that the jury must unanimously find that he possessed a weapon and must agree upon which weapon. We review the charge for plain error. United States v. Wunder, 919 F.2d 34, 35-6 (6th Cir.1990). "An error is plain if it is obvious or "otherwise seriously affect[s] the fairness, integrity or public reputation of [the] judicial proceedings." United States v. Simmonds, 931 F.2d 685, 687 (10th Cir.1991).
 
 
 13
 Viewing the instructions in their totality, the defense failed to meet the plain error threshold. The general unanimity instruction first given to the jury was proper. United States v. Duncan, 850 F.2d 1104 (6th Cir.1988). The court properly instructed the jury that to convict Perdomo they must find that he possessed at least one firearm. The supplemental instruction addressed the jurors' concern of whether they must determine that he had all three weapons under his dominion and control before they could convict. The court properly answered this question in the negative. Additionally, while the supplemental instruction probably did not clarify the jury charge with regard to unanimity, any error that the court committed was not "so 'plain' that the trial judge and the prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it." United States v. Simmonds, 931 F.2d 685, 687 (10th Cir.1991). The charge in its totality may fairly be read as requiring the jury to convict Perdomo if they unanimously found that he possessed one of the weapons. We, therefore, conclude that the jury instructions given for the felon in possession of a firearm charge were not plain error.
 
 
 14
 With regard to the other claims appellant raises on appeal, we find no error warranting reversal. We, therefore, AFFIRM the jury conviction and sentence of the Honorable James B. Todd, United States District Judge for the Western District of Tennessee.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation